UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-597-F

| | |
|---|---|
| CASAUNDRA MILLS-CRADDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| ROBERT M. GATES, SECRETARY OF ) | |
| DEFENSE, DEPARTMENT OF DEFENSE, ) | |
| EDUCATION ACTIVITY AGENCY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Dismiss, or in the alternative, Motion for Summary Judgment [DE-15] filed by Defendants Robert M. Gates, Secretary of Defense, Department of Defense, and Education Activity Agency ("Defendants"), by and through the United States Attorney for the Eastern District of North Carolina. Plaintiff Casaundra Mills-Craddock ("Plaintiff") has filed two Responses [DE-19; DE-24] in opposition. Defendants have not filed a Reply, and the time to do so has passed. This matter is now ripe for disposition.

## I. BACKGROUND

On December 30, 2010, *pro se* Plaintiff initiated this action by filing a complaint in this court appearing to allege violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), Rehabilitation Act ("Rehabilitation"), Americans with Disabilities Act ("ADA"), Family and Medical Leave Act ("FMLA"), and retaliation claims based upon FMLA and ADA related

activities arising out of her employment with Defendants. Plaintiff was employed by the Department of Defense domestic schools system from February 2005 through July 2009, when she was granted disability retirement. [DE-1], Compl., p. 2. Specifically, in the complaint, Plaintiff claims that "the defendant failed to properly accommodate her physical and mental limitations which resulted in a discrimination violation of section(s) 501 and 504 of the Rehabilitation Act of 1979 (29 U.S.C.A. Section(s) 791 and 794." [DE-1], Compl., 2. Plaintiff also contends that she "requested ADA accommodations in March 2008 yet an actual ADA accommodation was never provided prior to the plaintiff retiring in July 2009." [DE-1], Compl., p. 3. Moreover, Plaintiff also alleges "intentional disparate treatment, humiliation, embarrassment and discrimination based on her disabilities...her civil rights were violated when the aforementioned persons ignored her numerous request for accommodations under ADA." [DE-1], Compl., p. 4. Plaintiff goes on to claim "she completed the required paper work for Family Medical Leave Act on October 31, 2008 and never received a response from the defendant[,]" thereby interfering with her right to take unpaid leave from work. *See* [DE-1-2], Compl., Ex. 2, p. 3, 5.

Previously, on May 24, 2010, Plaintiff filed suit in this court against Defendants alleging violations under the ADA, Rehabilitation Act, FMLA, as well as retaliation claims. *See Mills-Craddock v. Gates, et al.*, No. 5:10-CV-214-F, [DE-1]. On November 3, 2010, the court dismissed Plaintiff's suit for failing to effect service. *See* [DE-10]. In this original suit, Plaintiff submitted a final notice letter from the EEOC, along with the complaint, indicating that she had ninety (90) days in which to bring a civil suit (by May 29, 2010). *See Mills-Craddock v. Gates, et al.*, No. 5:10-CV-214-F, [DE-1], Ex. 1, p. 2. Again, as mentioned above, Plaintiff did file her

original suit before this deadline, but such suit was dismissed for failure to effect service. *See* [DE-10].

## II. DISCUSSION

Defendants move to dismiss this case pursuant to either Rule 12(b)(1) and12(b)(6), or for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Inasmuch as it is clear that this case should be dismissed under Rule 12(b)(1) and 12(b)(6), Defendants' request for summary judgment under Rule 56 is denied as moot.

### A. Standard of Review

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a case must be dismissed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998). Federal courts, unlike state courts, are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This court may obtain subject matter jurisdiction based on either federal question or diversity of citizenship. Federal question jurisdiction exists when the plaintiff alleges a violation of the "Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires the plaintiff to show that the defendant is a citizen of a different state than that of the plaintiff, and that the amount in controversy exceeds seventy-five thousand and 00/100 dollars ($75,000.00), exclusive of interest and costs. 28 U.S.C. § 1332(a).

In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In considering a motion to dismiss based on Rule 12(b)(1), the court is "to regard the pleadings as mere evidence on the issue, and

3

may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F. 3d 642, 647 (4th Cir. 1999).

The defendant may challenge subject matter jurisdiction two different ways under Rule 12(b)(1). First, the defendant may contend that a complaint fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982). In such a challenge, the facts alleged in the complaint are taken to be true by the court. *Id.* A second way in which the defendant may challenge jurisdiction pursuant to Rule 12(b)(1) would be to claim that, though a complaint alleges sufficient facts to invoke subject matter jurisdiction, those facts are not themselves true. *Id*; *see also Kerns v. United States*, 585 F. 3d 187, 192 (4th Cir. 2009).

In a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true. *Edwards v. City of Goldsboro*, 178 F. 3d 231, 244 (4th Cir. 1999). However, a court is not bound "to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Dismissal is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F. 3d 178, 181 (4th Cir. 1996); *see generally*, 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the

4

affirmative defense appears on the face of the pleading," rendering dismissal appropriate). The court may also take judicial notice of matters of public record without converting a motion to dismiss under 12(b)(6) into a motion for summary judgment. *Clark v. BASF Salaried Employees' Pension Plan*, 329 F.Supp.2d 694, 697 (W.D.N.C. 2004).

In circumstances where a litigant is proceeding *pro se*, the court should keep in mind, when considering a Rule 12(b)(6) motion, that the *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 92 (2007). Nevertheless, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). The complaint must contain either direct or inferential allegations regarding all the essential elements of some viable legal theory to satisfy federal notice pleading requirements. *Id.* at 1278. District courts are not required to "conjure up questions never squarely presented to them." *Id.*

## B. Analysis

### I. FMLA Claims

The FMLA creates two interrelated, substantive rights for the employee: (1) the right to use a certain amount of leave for protected reasons; and (2) the right to return to his or her job or an equivalent job after using protected leave. *See* 29 U.S.C. §§ 2612(a), 2614(a). Title I of the FMLA primarily concerns employees of the private sector and employees of non-federal governments. 29 U.S.C. §§ 2612(a)(1), 2611(2), (4). Employees covered by Title I of the FMLA are granted rights to leave from work under certain circumstances as well as a private right of action to remedy employer action violation FMLA rights. *See* 29 U.S.C. §§ 2612, 2617(a)(2). However, most employees of the federal government to whom the FMLA applies

are governed by Title II of the FMLA. *See Mann v. D.N. Haigh*, 120 F.3d 34, 36 (4th Cir. 1997) (citation omitted); *see also Chandler v. Bernanke*, 531 F.Supp.2d 193, 201 (D.D.C. 2008) (stating that Title II of the FMLA covers federal employees with more than 12 months of service). Although Title I creates expressly a private right of action to redress violations of Title I, Title II omits a similar provision creating a private right of action. *Mann*, 120 F.3d at 36. Moreover, a suit against the federal government is permissible "only if Congress has consented to suit; 'a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." ' " *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982). Therefore, the omission of the private right of action in Title II can be "treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA." *Id.* at 37.

Here, Plaintiff's complaint establishes that she was a federal employee for a period of over twelve (12) months, *see* [DE-1], Compl., p. 2, and therefore, is governed by Title II of the FMLA, which does not grant a private right of action. Consequently, to the extent that Plaintiff is seeking a judicial review of her claims under the FMLA, this court lacks the jurisdiction to do so. Therefore, this claim is dismissed pursuant to Rule 12(b)(1).

### 2. Title VII, Rehabilitation, ADA, and Retaliation Claims

Once a party receives a right-to-sue letter from the EEOC, that party must file a civil suit within ninety (90) days. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Davis v. Virginia Commonwealth University*, 180 F.3d 626, 628 n.3 (4th Cir. 1999) ("Before brining a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC...upon notification, i.e., a right to sue letter, the aggrieved party has 90 days to file suit.").

6

As noted previously, Plaintiff originally filed suit on May 24, 2010, against Defendants alleging violations under the ADA, Rehabilitation Act, FMLA, as well as retaliation claims. *See Mills-Craddock v. Gates, et al.*, No. 5:10-CV-214-F, [DE-1]. On November 3, 2010, the court dismissed Plaintiff's suit for failing to effect service. *See* [DE-10]. In this original suit, Plaintiff submitted the final right-to-sue letter from the EEOC dated February 28, 2010. Consequently, Plaintiff had to file suit within ninety (90) days, or by May 29, 2010. *See Mills-Craddock v. Gates, et al.*, No. 5:10-CV-214-F, [DE-1], Ex. 1, p. 2. Because Plaintiff first filed suit on May 24, 2010, this original suit was not barred by the ninety (90) days limitations period in which to bring suit. However, again, because the original suit was subsequently dismissed based on the failure to effect service, this dismissal of the original suit did not toll the ninety (90) day limitation period as prescribed under 42 U.S.C. § 2000e-5(f)(1). *See, e.g., Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).

When Plaintiff filed the instant case on December 30, 2010, such filing was well outside of the statutory ninety (90) day period in which to bring suit.[1] Therefore, Plaintiff's Title VII, Rehabilitation, ADA, and Retaliation claims are time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1). Accordingly, these claims are DISMISSED under Rule 12(b)(6).[2]

---

[1] The Government argues that Plaintiff failed to exhaust all administrative remedies before the filing of the Title VII, ADA, and retaliation claims. As it appears clear that Plaintiff's instant suit was filed outside of the ninety (90) days period in which to file suit pursuant to 42 U.S.C. § 2000e-5(f)(1), the court will not address the issue of whether such administrative remedies were indeed exhausted.

[2] Even if these claims were not barred by the ninety (90) days period in which to bring suit pursuant to 42 U.S.C. § 2000e-5(f)(1), Plaintiff fails to allege sufficient factual allegations in the complaint, even if construed liberally, to survive a 12(b)(6) analysis.

7

## III. CONCLUSION

Based on the foregoing reasons, Defendants' Motion to Dismiss, pursuant to Rule 12(b)(1) and 12(b)(6) [DE-15] is **ALLOWED**. Defendants' Motion for Summary Judgment [DE-15] is **DENIED AS MOOT**. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 20th day of August, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge